UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

KEITH THORNTON, #358897

    Petitioner,

v.                                    Case No. 04-CV-71574-DT

ANDREW JACKSON,

    Respondent.
_____/

**OPINION & ORDER DENYING
PETITION FOR WRIT OF HABEAS CORPUS**

This matter is before the court on Petitioner Keith Thornton's *pro se* "Petition for Writ of Habeas Corpus" pursuant to 28 U.S.C. § 2254, filed on April 27, 2004. Respondent filed his "Answer in Opposition to Petition for Writ of Habeas Corpus" on November 4, 2004. For the reasons stated below, the court will deny the petition.

**I. INTRODUCTION**

On January 25, 2001 in Wayne County Circuit Court, Petitioner was convicted of (1) armed robbery in violation of MCL § 750.529; (2) assault with intent to do great bodily harm in violation of MCL § 750.84; (3) four counts of first-degree criminal sexual conduct in violation of MCL § 750.520b; and (4) possession of a firearm during the commission of a felony in violation of MCL § 750.227b. Petitioner was sentenced to concurrent terms of imprisonment of 25 to 50 years for the armed robbery conviction, 80 to 120 months for the assault conviction, and life for each count of criminal sexual conduct, to run consecutively with a 2 year term of imprisonment for the felony firearm conviction.

Petitioner challenges the legality of his conviction and raises three issues for the court's review: (1) whether the trial court made improper comments to the jury when responding to a question during its deliberation; (2) whether the trial court erred when it allowed a police officer to give opinion testimony about the emotional state of the assault victim; and (3) whether the trial court erred when it failed to properly instruct the jury about prior inconsistent statements. Respondent's argument is two-fold: (1) Petitioner has failed to fairly present the federal nature of his claims to the state courts; and (2) even if Petitioner had fairly presented his federal claims to the state courts, the issues are either without merit, non-cognizable under habeas review or were reasonably analyzed by the state courts by applying United States Supreme Court federal law.

Upon review of the pleadings, the court will deny Petitioner's Writ of Habeas Corpus.

## II.  BACKGROUND

During the early morning hours on April 3, 2000, Laverne McLaughlin was walking from a bus stop to her place of employment, when she was robbed, sexually assaulted and shot in the leg. There is no dispute that these events transpired. Petitioner's claim is that Ms. McLaughlin has misidentified her assailant and that he is not the individual who is responsible for the attack. At the conclusion of the jury trial Petitioner was convicted of the above-stated charges.

Petitioner appealed his conviction as a matter of right to the Michigan Court of Appeals, raising the same issues before this court and added the issue of whether he is entitled to be re-sentenced, as the trial court deviated from the sentencing guidelines without explanation, which extended his term of imprisonment. On September 24,

2002, in an unpublished opinion, the Michigan Court of Appeals affirmed Petitioner's convictions, but remanded the matter for re-sentencing. *People v. Thornton*, No. 234036, 2002 WL 31117042, *4 (Mich. Ct. App. Sept. 24, 2002) (per curiam). The appellate court found that the trial court erred when it enhanced Petitioner's maximum sentences pursuant to two different enhancement schemes. *Id.*

Petitioner filed a delayed application for leave to appeal with the Michigan Supreme Court raising the same issues. The Michigan Supreme Court entered an order on April 29, 2003 denying relief. *People v. Thornton,* 468 Mich. 893; 661 N.W.2d 241 (Table) (Mich. Apr. 29, 2003).

On April 27, 2994, Petitioner filed a "Petition for Writ of Habeas Corpus Under 28 U.S.C. §2254," which is presently before the court. In his Petition, he raises the first three issues presented before the Michigan Court of Appeals. Respondent answered the Petition making the same above referenced arguments.

For the reasons set forth below, Petitioners request for a writ of habeas corpus will be denied.

### III.  STANDARD

Under the applicable standard of review set forth in the Antiterrorism and Effective Death Penalty Act (AEDPA), codified at 28 U.S.C. § 2254(d), a petitioner is not entitled to relief in a federal habeas corpus proceeding unless the state court's adjudication of his or her due process claim resulted in a decision that: (1) was contrary to, or involved an unreasonable application of clearly established federal law as determined by the United States Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Under the AEDPA, "clearly established federal law" means "the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." *Williams v. Taylor,* 529 U.S. 362, 412 (2000). A state court decision is "contrary to" federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Id.* at 412-13.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. Furthermore, a federal court may not issue a writ of habeas corpus under the "unreasonable application" clause of 28 U.S.C. § 2254(d) "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. *Id.* at 411. Rather, that application must also be unreasonable." *Id.*; *see also Prince v. Vincent,* 538 U.S. 634, 638-39 (2003). "[A] federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable," as opposed to transforming the inquiry into a subjective one by inquiring whether all reasonable jurists would agree that the application by the state court was reasonable. *Williams,* 529 U.S. at 409-410.

### IV.  DISCUSSION

Petitioner presents three claims for habeas relief. Before discussing the merits of the claims, however, the court will first address Respondent's argument that Petitioner's claims are unexhausted. The court will then resolve each individual claim address them each in turn.

### A. Exhaustion of Petitioner's Habeas Claims

Before a court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Petitioner bears the burden of showing exhaustion. *See Rust v. Zent,* 17 F.3d 155, 160 (6th Cir.1994). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365 (1995).

To fairly present a claim, it is not enough that all the facts necessary to support a federal claim were before the state court or that a somewhat similar state law claim was made. *See Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Harris v. Rees*, 794 F.2d 1168, 1174 (6th Cir.1986); *see also Duncan*, 513 U.S. at 366 (holding that mere similarity of claims is insufficient to exhaust). "If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution." *Duncan*, 513 U.S. at 365-66.

The court is inclined to believe that, in this case, that Petitioner did not sufficiently present his *federal* claims to the state court. While the same general errors were alleged in state court, Petitioner and the state court focused on state law, with citations to state, rather than federal, authority. Especially with respect to the opinion evidence and jury instruction arguments, Petitioner's claims were not briefed with the sufficiency required to alert the state courts of the violation of any particular constitutional right and did not even address the issue of how these alleged trial court errors deprived Petitioner of a fair trial under federal principles. Accordingly, Petitioner has failed to exhaust these claims in state court.

As a general rule, a federal district court should dismiss a habeas petition that contains unexhausted claims. *Foster v. Withrow*, 159 F. Supp. 2d 629, 638 (E.D. Mich. 2001). Nonetheless, a federal court may deny a habeas petition on the merits despite a petitioner's failure to exhaust state remedies. 28 U.S.C. § 2254(b)(2); *see also Cain v. Redman*, 947 F.2d 817, 820 (6th Cir. 1991) (holding that the doctrine of exhaustion raises only federal-state comity concerns and is not a jurisdictional limitation of the power of the court). For the reasons set forth below, the court concludes that Petitioner's claims do not warrant federal habeas corpus relief. Accordingly, in the interests of efficiency and justice, the court will address Petitioner's claims rather than dismiss the petition on the ground of failure to exhaust. *See* 28 U.S.C. § 2254(b)(2); *Cain v. Redman*, 947 F.2d at 820 (holding that where an unexhausted federal constitutional claim is plainly meritless, "it would be a waste of time and judicial resources to require exhaustion").

### B. The Trial Court's Comments to the Jury During Deliberation

In Petitioner's first claim, he challenges the trial court's comments to the jury during deliberation. While the jury was deliberating after the conclusion of trial testimony, the jurors sent a note to the trial judge inquiring about the availability of DNA test results for their review. The trial court responded on the record as follows:

> Oh, I have the note, ladies and gentlemen. And it's very difficult for the Court to make an explanation without commenting on the evidence. And the Court is not supposed to comment on the evidence.
>
> However, if I don't answer the question, there's going to be another question right after that. And the question is about, "We would like to know if we can have the results of the DNA test?"
>
> Well, you have to leave something to be tested. So, you look to the evidence to see if there was any trace evidence left for them to make a comparison with. Just look and see if you heard anything like that. You know.
>
> So that's the only way I can answer your question. What was taken from the scene to make a comparison? Okay.

(1/25/01 Tr., pg. 63).

Petitioner claims that he is entitled to habeas relief because the statements by the trial court to the jury interfered with his legal position as presented to the jury during trial; and the statements deprived Petitioner the right to cross-examine any prosecution witnesses who presented or who could potentially present DNA evidence testimony.

The Confrontation Clause of the Sixth Amendment guarantees a criminal defendant the right to confront the witnesses against him. "The main and essential

purpose of confrontation is to secure for the opponent the opportunity of cross-examination." *Davis v. Alaska,* 415 U.S. 308, 315 (1973) (citation omitted).

> Cross-examination is the principal means by which the believability of a witness and the truth of his testimony are tested. Subject always to the broad discretion of a trial judge to preclude repetitive and unduly harassing interrogation, the cross-examiner is not only permitted to delve into the witness's story to test the witness's perceptions and memory, but the cross-examiner has traditionally been allowed to impeach, i.e., discredit the witness.

*Id.* at 316.

The right of cross-examination, however, is not absolute. "[T]rial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant." *Delaware v. Van Arsdall*, 475 U.S. 673, 679 (1986); *see also Norris v. Schotten*, 146 F.3d 314, 329-30 (6th Cir.1998).

The Michigan Court of Appeals considered Petitioner's claim as an alleged instructional error and stated as follows:

> On the facts of this case, we disagree with defendant's assertion that the trial court's supplemental instruction was improper. The only reference to DNA testing was contained in questions asked of the investigating officer and the victim. The testimony was apparently of no consequence to defendant's defense because counsel for defendant made no further inquiry regarding DNA testing, and did not base any of his argument to the jury on the lack of DNA testing. Nevertheless, the reference to DNA triggered a question from the jury. Apparently, in an effort to dispel this as an issue, the trial court commented obliquely on the absence of evidence in the record regarding any trace evidence that could be used for DNA testing. In doing so, we believe the trial court properly attempted to allay the jury's concerns and thereby redirect their attention to issues raised by the evidence and the arguments

> of the attorneys. Further, the instruction did not introduce new evidence into the case as defendant maintains. It only directed the jury to consider the absence of evidence when thinking about DNA testing. We believe the trial court acted within the discretion afforded it under M.C.L. § 768.29.

*People v. Thornton,* No. 234036, 2002 WL 31117042 (Mich. Ct. App. Sept. 24, 2002) (per curiam).

The parties dispute whether Petitioner's Confrontation Clause argument, was "fairly presented" so that state court could have "fair opportunity" to apply controlling legal principles to the facts bearing upon a Petitioner's constitutional claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *Picard v. Connor,* 404 U.S. 270, 275-77 (1971). Nonetheless, whether or not Petitioner's Sixth Amendment Confrontation Clause argument was discussed by the Michigan Court of Appeals, the scope of cross-examination is a matter left to the discretion of the trial court, with due regard for a defendant's constitutional rights. *People v. Blunt*, 189 Mich. App. 643, 651; 473 N.W.2d 792 (1991). A defendant does not have a constitutional right to admit all relevant evidence or to cross-examine on any subject, and the trial judge may impose reasonable limits on cross-examination to accommodate legitimate interests so long as the defendant is provided a reasonable opportunity to test the truth of a witness' testimony. *People v. Adamski*, 198 Mich. App. 133, 138, 497 N.W.2d 546 (1993). The state appellate court reviews the trial court's control over cross-examination for an abuse of discretion. *Blunt,* 189 Mich. App. at 651.

Upon review of the record, the court finds that the trial court did not abuse its discretion or infringe on Petitioner's right of confrontation in responding to the jury's inquiry regarding the availability of DNA test results. The court agrees that the trial

court properly responded to the jury's question without commenting on the evidence, without introducing new evidence and without showing partiality toward either party. *See generally People v. Cunningham*, 215 Mich. App. 652, 657, 546 N.W.2d 715 (1996); *People v. Paquette*, 214 Mich. App. 336, 340, 543 N.W.2d 342 (1995).

For these reasons, this court finds that the Michigan Court of Appeals' determination relative to Petitioner's Sixth Amendment Confrontation Clause violation was proper; and is consistent with federal law, constituting a reasonable application of that law.

### C. The Trial Court's Admission of Opinion Testimony Elicited From a Police Officer

Next, Petitioner contends that the trial court erred in admitting opinion evidence from a police officer regarding the ability of the victim to give an accurate description of her attacker and the precise location of where the assault took place. "Habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation." *Clemmons v. Sowders*, 34 F.3d 352, 357 (6th Cir.1994). Generally, state-court evidentiary rulings cannot rise to the level of due process violations unless they "offend[ ] some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental." *Montana v. Egelhoff*, 518 U.S. 37, 43 (1996) (quoting *Patterson v. New York*, 432 U.S. 197, 201-202 (1977)); *see also Spencer v. Texas*, 385 U.S. 554, 563-64 (1967); *Seymour v. Walker*, 224 F.3d 542, 552 (6th Cir. 2000). Thus, even if some rule of evidence was violated, relief on collateral review will be provided "only when a trial error 'had substantial and injurious

10

effect or influence in determining the jury's verdict.' " *Ford v. Curtis*, 277 F.3d 806, 809 (6th Cir. 2002) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637(1993)).

A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). The Sixth Circuit has explained that "[e]rrors in the application of state law, especially rulings regarding the admission or exclusion of evidence, are usually not to be questioned in a federal habeas corpus proceeding." *Cooper v. Sowders*, 837 F.2d 284, 286 (6th Cir. 1988). "'[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure'" in considering a habeas petition. *Allen*, 845 F.2d at 614 (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper*, 837 F.2d at 286.

"Whether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon 'whether the evidence is 'material in the sense of a crucial, critical highly significant factor.'" *Brown v. O'Dea,* 227 F.3d 642, 645 (6th Cir. 2000) (citing *Leverett v. Spears,* 877 F.2d 921, 925 (11th Cir.1989)). The Sixth Circuit also has stated that habeas review does not encompass state court rulings on the admission of evidence unless there is a constitutional violation. *Fuson v. Jago*, 773 F.2d 55, 59 (6th Cir.1985). The court must evaluate whether the error "had substantial and injurious effect or influence in determining the jury's verdict." *Brecht*, 507 U.S. at 637 (quotation omitted). The petitioner must establish "actual prejudice" to warrant habeas relief. *Id.*

Upon reviewing the alleged inadmissible opinion evidence, the court agrees with the state appellate court and finds that the testimony of the victim "was presented to explain why the officers had trouble locating the specific place where the charged offenses occurred." *Thornton,* 2002 WL 31117042 at *3. It was the police officer's opinion that the victim was "in trauma," and she was "upset." Petitioner did not want the jury to hear anything negative about the victim's state of mind as he asserts it would be prejudicial to his case. However, when applying the above stated factors in order to determine if Petitioner's fundamental due process rights were violated, the court does not find that the testimony was prejudicial to Petitioner such that it was "fundamentally unfair" to admit the testimony.

Accordingly, the court not only finds that the trial court's alleged error in admitting the opinion testimony of the police officer did not rise to the level of constituting a constitutional violation, but also that the admission of such evidence was not so egregious that the Petitioner was denied a fundamentally fair trial.

**D.  The Trial Court's Jury Instruction Regarding Prior Inconsistent Statements**

Finally, Petitioner asserts that the trial court erred by failing to instruct the jury that prior inconsistent statements by the victim during her preliminary examination testimony could be used as substantive evidence at trial. Improper jury instructions in state criminal trials do not generally form the basis for federal habeas relief since the inquiry is not whether there was prejudice to the petitioner, or whether state law was violated, but whether there was prejudice of constitutional magnitude. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991). A habeas petitioner's burden of showing prejudice

is especially heavy when a petitioner claims that a jury instruction was incomplete, because "an omission, or an incomplete instruction, is less likely to be prejudicial than a misstatement of the law." *Fama v. Commissioner of Correctional Services,* 69 F. Supp. 2d 388, 397 (E.D.N.Y.1999) (quoting *Henderson v. Kibbe,* 431 U.S. 145, 155 (1977)). The relevant inquiry is whether the giving of an instruction "so infected the entire trial that the resulting conviction violates due process." *Cupp v. Naughten*, 414 U.S. 141, 147 (1973). Before the court can consider the above standard of review relative to the alleged jury instruction error, Petitioner must first convince the court that this issue is not procedurally defaulted.

To determine whether a petitioner procedurally defaulted a federal claim in state court, the court must consider whether: (1) the petitioner failed to comply with an applicable state procedural rule; (2) the last state court rendering judgment on the claim at issue actually enforced the state procedural rule so as to bar that claim; and (3) the state procedural default is an independent and adequate state ground properly foreclosing federal habeas review of the federal constitutional claim. *See Hicks v. Straub,* 377 F.3d 538, 551 (6th Cir. 2004). If a petitioner procedurally defaulted his federal claim in state court, the petitioner must demonstrate either: (1) cause for his failure to comply with the state procedural rule and actual prejudice flowing from the violation of federal law alleged in his claim, or (2) that a lack of federal habeas review of the claim "will result in a fundamental miscarriage of justice." *Id.* at 551-52. A fundamental miscarriage of justice will result "where a constitutional violation has probably resulted in the conviction of one who was actually innocent." *Murray v.*

*Carrier,* 477 U.S. 478, 496 (1986).  For purposes of procedural default, the court is concerned with the last "explained" state court judgment.  *See Ylst v. Nunnemaker,* 501 U.S. 797, 805 (1991).

> Here, the Michigan Court of Appeals expressly stated as follows:
>
> We, however, need not address the merits of this claim because defendant indicated on the record his satisfaction with the instructions that the trial court gave to the jury.  Consequently, defendant has waived the right to assert a claim of instruction error.  *People v. Carter,* 462 Mich. 206, 214-216; 612 N.W.2d 144 (2000); *People v. Ortiz,* 249 Mich. App. 297, 311; 542 N.W.2d 412 (2002).

*Thornton,* 2002 WL 31117042 *4.

Applying the procedural default four prong test, first, the state procedural rule in question here is the waiver rule.  *See Carter,* 462 Mich. at 215 ("One who waives his rights under a rule may not then seek appellate review of a claimed deprivation of those rights, for his waiver has extinguished any error.") (citing *United States v. Griffin,* 84 F.3d 912, 924 (7th Cir. 1996)).

Here, the Michigan Court of Appeals stated that Petitioner expressly approved the instructions at trial.  Accordingly, Petitioner waived his right to have this issue reviewed by the Michigan Court of Appeals.  Second, the Michigan Court of Appeals was the last state court to render a reasoned judgment on Petitioner's claims.  It enforced the waiver rule by stating in its opinion that Petitioner had indicated his "satisfaction with the instructions," and therefore waived the issue for appellate review. *Thornton,* 2002 WL 31117042, *4.

14

Finally, the state court's reliance on Petitioner's waiver of his instructional error claim was an adequate and independent state ground for foreclosing review. *See generally Engle v. Isaac,* 456 U.S. 107, 110 (1982). The Michigan Supreme Court in this case did not set aside the decision of the state court and rule on the merits of Petitioner's claim. Thus, the last state court to render a reasoned judgment on Petitioner's claim "clearly and expressly" stated that its judgment rested on a state procedural bar. *Harris,* 489 U.S. at 263; *see Ylst v. Nunnemaker,* 501 U.S. at 804 (concluding that a court must "look through" unexplained orders to the last reasoned decision to determine the basis for the judgment).

For these reasons, the court finds that Petitioner's instructional error claim is procedurally defaulted.[1] Accordingly, in order for the court to review the alleged error on the merits, Petitioner must demonstrate cause for and actual prejudice as a result of the procedural default or a resulting fundamental miscarriage of justice should the court decline habeas review (i.e., actual innocence). To establish "cause" for a state

---

[1] Petitioner claims that the appellate court erred when it held that Petitioner "waived" any objection to the jury instructions, as opposed to finding that Petitioner merely failed to preserve any objection. (Pet. at 19.) Thus, Petitioner claims that the unpreserved objection should have been reviewed for plain error. Even if Petitioner is correct that he did not waive, but instead did not object, to the jury instructions, this court's conclusion would not change. In Michigan, when a defendant fails to object, as when he expressly waives that objection, his claim is generally not preserved for appellate review. *See, e.g., People v. Grant,* 445 Mich. 535, 546 (1994) (acknowledging the general rule that issues not properly raised before a trial court cannot be raised on appeal absent compelling or extraordinary circumstances). Here, whether Petitioner expressly waived any objection to the jury instruction or was merely silent, the Michigan Court of Appeals would not review the jury instructions, unless there had been plain error affecting his substantial rights. *People v. Carines,* 460 Mich. 750, 763; 597 N.W.2d 130 (1999). Here, the alleged error simply does not affect Petitioner's substantial rights.

15

procedural default, a habeas petitioner must show that some objective factor external to the defense impeded efforts to comply with the procedural rule. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). Petitioner has posed no such causation argument to the court. If the Petitioner cannot show cause for the procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray,* 477 U.S. 527, 533 (1986).

In an extraordinary case, however, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Id.* at 537. To be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence of actual innocence that was not presented at trial. *Schulp v. Delo,* 513 U.S. 298, 324 (1995). Moreover, actual innocence, which would permit collateral review of a procedurally defaulted claim, means factual innocence, not mere legal insufficiency. *Bousley v. United States,* 523 U.S. 614, 623 (1998); *see also Hillard v. United States,* 157 F.3d 444, 450 (6th Cir. 1998).

In this case, there has been no presentation of new reliable evidence by the Petitioner which would place this case in the category of "extraordinary." Therefore, Petitioner's instructional error claim is procedurally defaulted and not subject to habeas review.[2]

---

[2]The court notes that even if the claim were not procedurally defaulted, the asserted jury instruction error did not "so infect[] the entire trial that the resulting conviction violates due process." *Cupp*, 414 U.S. at 147. The court would thus deny the claim on the merits, even if the claim were not procedurally defaulted.

## V. CONCLUSION

For the foregoing reasons stated above, IT IS ORDERED that the Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. §2254 [Doc. #1] is DENIED.

      s/Robert H. Cleland
      ROBERT H. CLELAND
      UNITED STATES DISTRICT JUDGE

Dated: April 11, 2006

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, April 11, 2006, by electronic and/or ordinary mail.

      s/Lisa Wagner
      Case Manager and Deputy Clerk
      (313) 234-5522